Gregorio-Lopez v. Garland

BIA
Ruehle, IJ
A206 003 987

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of April, two thousand twenty-three.

PRESENT:
RICHARD C. WESLEY,
STEVEN J. MENASHI,
EUNICE C. LEE,
*Circuit Judges.*

_____

MAINOR MAURICIO GREGORIO-LOPEZ,
*Petitioner,*

v.                                              20-4163
                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Samuel Iroegbu, Albany, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant
                       Attorney General; Mary Jane
                       Dandaux, Assistant Director;

Nicole J. Thomas-Dorris, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mainor Mauricio Gregorio-Lopez, a native and citizen of Guatemala, seeks review of a November 30, 2020 decision of the BIA affirming a November 20, 2018 decision of an Immigration Judge ("IJ") that denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mainor Mauricio Gregorio-Lopez,* No. A 206 003 987 (B.I.A. Nov. 30, 2020), *aff'g* No. A 206 003 987 (Immigr. Ct. Buffalo Nov. 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility determination that the BIA did not affirm. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. "[T]he

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, "we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

Gregorio-Lopez had the burden to establish an objectively reasonable fear of future persecution on account of a protected ground, here his membership in his proposed particular social group of "cooperating witnesses who have assisted U.S. law enforcement." *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b)(1), (2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A particular social group must be "socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *In re M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Gregorio-Lopez alleged that he aided U.S. law enforcement by identifying his smuggler, but

he presented no evidence that his cooperation with U.S. law enforcement was publicized in Guatemala, that people in his community knew that anyone was seeking him out for revealing his smuggler's name to U.S. law enforcement, or that anyone aside from a few individuals in Guatemala knew that he had cooperated with U.S. law enforcement in identifying the smuggler as part of a smuggling operation. And he presented no country conditions evidence about the treatment of witnesses in Guatemala. This record does not demonstrate that Guatemalan society perceives witnesses of criminal acts as a distinct group. *See id.* ("[I]n determining particularity and social distinction what matters is whether society as a whole views a group as socially distinct, not the persecutor's perception."); see *also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act]."). Because Gregorio-Lopez did not establish a cognizable social group,

4

he did not meet his burden for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A), (C).

He also failed to meet his burden for CAT relief. CAT relief does not require a nexus to a protected ground, but an applicant has the burden to show he would "more likely than not be tortured" and that torture will be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1) (version in effect to Jan. 11, 2021). Gregorio-Lopez testified that the smuggler gave him an accusing look after he identified him to U.S. law enforcement, and four men went to his home in Guatemala once in 2013 and told his domestic partner they would kill him. The agency reasonably found that this single threat from private actors was not sufficient to establish that Gregorio-Lopez would more likely than not be tortured— that the smuggler would still be looking for him and would be able to find him anywhere in Guatemala—and that the Guatemalan government or public officials would more likely than not acquiesce to that torture. *See Jian Xing Huang v. U.S.*

*I.N.S.*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court